Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
**PANEL XII**

| | | |
|---|---|---|
| EL PUEBLO DE PUERTO RICO<br><br>Parte Recurrida<br><br>v.<br><br>KILPATRICK ROBLES RIVERA<br><br>Parte Peticionaria | KLCE202500584 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de San Juan<br><br>Caso Núm.: KHO2006G0072, KHO2006G0073, KHO2006G0074<br><br>Sobre: ART. 105 CP (3 Cargos) |

Panel integrado por su presidenta, la Jueza Grana Martínez, la Jueza Díaz Rivera y la Juez Lotti Rodríguez.

Díaz Rivera, Jueza Ponente

## RESOLUCIÓN

En San Juan, Puerto Rico, a 7 de julio de 2025.

Comparece ante *nos*, Kilpatrick Robles Rivera (Robles Rivera o peticionario) y nos solicita que revisemos y revoquemos una *Resolución* emitida el 28 de abril de 2025 y notificada el 29 de abril de 2025, por el Tribunal de Primera Instancia (TPI o foro primario), Sala Superior de San Juan. Mediante dicho dictamen, el TPI denegó la solicitud de Robles Rivera de eliminar su nombre del Registro de Ofensores Sexuales y, en consecuencia, ordenó que este deberá continuar reportándose trimestralmente y permanecer inscrito en el Registro de Ofensores Sexuales, de por vida, por considerarse un Ofensor Tipo III.

Por los fundamentos que expondremos a continuación, se *deniega* la expedición del auto de *certiorari*.

### I.

Surge del expediente ante *nos* que, el 20 de agosto de 2007, el foro primario dictó *Sentencia* contra el peticionario imponiéndole una pena de ocho (8) años de cárcel por tres (3) cargos de actos

Número Identificador

RES2025 _____

lascivos bajo el Artículo 105 del Código Penal de 1974. Así las cosas, Robles Rivera comenzó a cumplir dicha condena desde el 30 de mayo de 2007. Consecuentemente, el 11 de mayo de 2011, se le concedió la Libertad Bajo Palabra. Así, el 15 de septiembre de 2011, el Departamento de Corrección y Rehabilitación (DCR) emitió una *Certificación* de expiración de sentencia, mediante la cual reconoció que el peticionario había cumplido la totalidad de la pena impuesta.

Posteriormente, el 23 de mayo de 2011, Robles Rivera se inscribió en el Registro de Ofensores Sexuales. En sintonía con esto, el 5 de mayo de 2023, el peticionario presentó ante el foro primario una *Moción Para Eliminar Nombre del Registro de Ofensores Sexuales.* Mediante esta, solicitó la eliminación de su nombre del Registro de Ofensores Sexuales. Aseveró que al momento de aprobarse la Ley Núm. 243 de 14 de diciembre de 2011 (Ley Núm. 243-2011), ya había extinguido su condena desde el 15 de septiembre de 2011, por lo cual no le era de aplicación los nuevos términos introducidos por la Ley Núm. 243-2011, *supra.*

El 6 de junio de 2023, el Ministerio Público presentó una *Moción en Oposición a la Eliminación del Nombre del Registro de Ofensores Sexuales.* En esta, arguyó que Robles Rivera debía permanecer en el Registro de Ofensores Sexuales por considerarse un Ofensor Sexual Tipo III. Ello, debido a que la víctima de los actos lascivos era menor de 16 años y su hija biológica. El 28 de abril de 2025, notificada el 29 de abril de 2025, el TPI emitió una *Resolución* mediante la cual concluyó que el peticionario había extinguido su *Sentencia* antes de la aprobación de la Ley Núm. 243-2011, *supra,* pero esta tenía aplicación retroactiva y el peticionario está obligado a mantenerse en el Registro de Ofensores Sexuales por ser un Ofensor Sexual Tipo III.

Insatisfecho, el 29 de mayo de 2025, Robles Rivera compareció ante *nos* mediante un recurso de *certiorari* y alegó la comisión del siguiente error:

> **ERRÓ EL TRIBUNAL DE PRIMERA INSTANCIA AL DENEGAR LA SOLICITUD DE ELIMINACIÓN DEL REGISTRO DE OFENSORES SEXUALES, APLICANDO RETROACTIVAMENTE LAS DISPOSICIONES DE LA LEY NÚM. 243-2011 A UN PETICONARIO QUE YA HABÍA EXTINGUIDO SU SENTECIA PENAL BAJO EL RÉGIMEN DE LA LEY NÚM. 266-2004, Y EN ABUSO DE SU DISCRECIÓN, AL OMITIR LA DISTINCIÓN FUNDAMENTAL ENTRE PERSONAS QUE CUMPLEN SU PENA EN LIBERTAD Y AQUELLAS QUE YA LA HAN CUMPLIDO EN SU TOTALIDAD AL MOMENTO DE LA VIGENCIA DE LA NUEVA LEY**.

El 6 de junio de 2025, emitimos una *Resolución* mediante la cual le concedimos un término de diez (10) días al Procurador General para mostrar causa por la cual no debíamos expedir el auto de *certiorari* y revocar el dictamen impugnado. El 23 de junio de 2025, compareció el Procurador General mediante un *Escrito en Cumplimiento de Resolución*. Contando con el beneficio de la comparecencia de ambas partes, procedemos a resolver.

**II.**

**A. *Certiorari***

El auto de *certiorari* es el recurso extraordinario mediante el cual un tribunal de jerarquía superior puede revisar, a su discreción, una decisión de un tribunal inferior. *Rivera et al. v. Arcos Dorados et al.*, 212 DPR 194 (2023). Véase, además, *Torres González v. Zaragoza Meléndez*, 211 DPR 821 (2023); *800 Ponce de León v. AIG*, 205 DPR 163 (2020); *Pueblo v. Díaz de León*, 176 DPR 913 (2009). En particular, es un recurso mediante el cual se solicita la corrección de un error cometido por un foro inferior. *Torres González v. Zaragoza Meléndez, supra*. Así pues, la determinación de expedir o denegar un recurso de *certiorari* está enmarcada en la discreción judicial. *800 Ponce de León v. AIG, supra*. Es decir, la característica distintiva de este recurso se asienta en la discreción encomendada

al tribunal revisor para autorizar su expedición y adjudicar sus méritos. *BPPR v. SLG Gómez-López*, 213 DPR 314 (2023). No obstante, la discreción judicial para expedir o no el auto de *certiorari* solicitado no ocurre en un vacío ni en ausencia de unos parámetros. *Torres González v. Zaragoza Meléndez, supra.*

Con el fin de que podamos ejercer de una manera sensata nuestra facultad discrecional de entender o no en los méritos de los asuntos que son planteados mediante el recurso, la Regla 40 de nuestro Reglamento, 4 LPRA Ap. XXII-B, señala los criterios que debemos considerar al atender una solicitud de expedición de un auto de *certiorari. Torres González v. Zaragoza Meléndez, supra.* En lo pertinente, la precitada disposición reglamentaria dispone lo siguiente:

> El Tribunal tomará en consideración los siguientes criterios al determinar la expedición de un auto de *certiorari,* o de una orden de mostrar causa:
>
> A.  Si el remedio y la disposición de la decisión recurrida a diferencia de sus fundamentos son contrarios a derecho.
>
> B.  Si la situación de hechos planteada es la más indicada para el análisis del problema.
>
> C.  Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.
>
> D.  Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.
>
> E.  Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.
>
> F.  Si la expedición del auto o de la orden de mostrar causa no causa un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.
>
> G.  Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

Nótese que, distinto al recurso de apelación, el auto de *certiorari,* por ser un recurso discrecional, debemos utilizarlo con cautela y por razones de peso. *Pueblo v. Díaz de León, supra.*

Ahora bien, el Tribunal Supremo de Puerto Rico reiteradamente ha indicado que la *discreción* significa tener poder para decidir en una u otra forma, esto es, para escoger entre uno o varios cursos de acción. *Pueblo v. Rivera Santiago*, 176 DPR 559 (2009); *García v. Padró*, 165 DPR 324 (2005). El adecuado ejercicio de la discreción judicial está "inexorable e indefectiblemente atado al concepto de la razonabilidad". *Pueblo v. Ortega Santiago*, 125 DPR 203 (1990). Así pues, un tribunal apelativo no intervendrá con las determinaciones discrecionales de un tribunal sentenciador, a no ser que las decisiones emitidas por este último sean arbitrarias o en abuso de su discreción. *BPPR v. SLG Gómez-López, supra.* Véase, además, *Pueblo v. Rivera Santiago, supra*; *S.L.G. Flores, Jiménez v. Colberg,* 173 DPR 843 (2008).

**III.**

Habida cuenta de que el recurso ante nuestra consideración se trata de un *certiorari*, este tribunal intermedio debe determinar, si procede su expedición. En el caso ante *nos*, es la contención de la parte peticionaria que, erró el TPI al denegar la solicitud de eliminación del Registro de Ofensores Sexuales, aplicando retroactivamente las disposiciones de la Ley Núm. 243-2011, *supra,* cuando ya había extinguido su *Sentencia* bajo el régimen de la Ley Núm. 266-2004, y en abuso de su discreción, al omitir la distinción fundamental entre personas que cumplen su pena en libertad y aquellas que ya la han cumplido en su totalidad al momento de la vigencia de la nueva ley.

Como es sabido, un tribunal apelativo no intervendrá con las determinaciones discrecionales de un tribunal sentenciador, a no ser que las decisiones emitidas por este último sean arbitrarias o en abuso de su discreción. *BPPR v. SLG Gómez-López, supra.* No debemos obviar que, el adecuado ejercicio de la discreción judicial

está "inexorable e indefectiblemente atado al concepto de la razonabilidad". *Pueblo v. Ortega Santiago, supra.*

Así, puntualizamos, que el *certiorari* es un recurso extraordinario mediante el cual un tribunal de jerarquía superior puede revisar, a su discreción, una decisión de un tribunal inferior. *Rivera et al. v. Arcos Dorados et al., supra.* A esos efectos, la naturaleza discrecional del recurso de *certiorari* queda enmarcada dentro de la normativa que le concede deferencia de las actuaciones del foro primario, de cuyas determinaciones se presume su corrección.

Tras evaluar cuidadosamente el recurso presentado por Robles Rivera, y luego de una revisión de la totalidad del expediente ante *nos*, es nuestra apreciación que no se configuran ninguna de las excepciones que justificaría la expedición del auto de *certiorari* al amparo de la Regla 40 del Reglamento del Tribunal de Apelaciones, *supra.* Así, los fundamentos aducidos en el recurso presentado, no nos mueven a activar nuestra función discrecional en el caso de epígrafe. Esto, pues no nos encontramos ante una determinación que configure abuso de discreción, prejuicio, parcialidad o error craso y manifiesto que amerite nuestra intervención revisora. Tampoco el peticionario nos ha persuadido de que, al aplicar la norma de abstención apelativa en este momento, conforme al asunto planteado, constituirá un fracaso de la justicia.

Por lo tanto, resolvemos denegar el *certiorari* solicitado, pues no identificamos fundamentos jurídicos que nos motiven a expedir el mismo.

**IV.**

Por los fundamentos antes expuesto, *denegamos* la expedición del auto de *certiorari.*

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.


Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones